**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHENZHEN BUXIANG NETWORK TECHNOLOGY CO., LTD d/b/a VEKEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-1726 Judge Marvin E. Aspen |
| BODUM USA, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Veken sued Defendant Bodum for a declaration of non-infringement after Bodum threatened to sue if Veken continued to sell its coffeemaker for purportedly infringing Bodum's trade dress. (Amend. Complaint ("Compl.") (Dkt. No. 10) ¶¶ 1, 9, 12.)  Before us is Bodum's partial motion to dismiss. (Motion to Dismiss ("MTD") (Dkt. No. 22).)  For the following reasons, we grant Bodum's motion and dismiss Counts II and III.

**BACKGROUND**

The following facts are culled from the Complaint and taken as true for the purposes of this Rule 12 motion to dismiss. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The parties manufacture and sell houseware products, including coffee and tea presses. (Compl. ¶ 8.)  Veken makes a French press and sells it exclusively through Amazon.com:



(Compl. ¶ 7.) Bodum asked Amazon to de-activate Veken's French press's listing on its website and, on December 3, 2019, Amazon did so. (*Id.* ¶¶ 7, 9, 17—18.) On the same day, Bodum demanded that Veken stop selling its French press threatening a trade dress infringement lawsuit against Veken under the Lanham Act. (*Id.*) Veken's French press looks like Bodum's, except, for example, both are marked by their respective names.:



(*Id.* ¶ 19 (three red circles around Bodum's name pictured in the Complaint).)

The term "Chambord" is relevant to the lawsuit as a descriptive term that characterizes the configuration. (*Id.* ¶ 19.) Bodum's position is that the Chambord configuration has four components that together warrant protection as a trademark: a metal frame, a black and curved handle, a domed top, and a spherical knob. (*Id.* ¶ 22.) Although Bodum federally registered the

BODUM and CHAMBORD names as a trademark, it allegedly has not done so with the Chambord configuration promoted on its packaging:



(*Id.* ¶ 21.)

Last, Bodum has litigated the trade dress nature of its Chambord French press. *See, e.g.*, *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 491 (7th Cir. 2019); *Bodum USA, Inc. v. A Top New Casting, Inc.*, No. 16 C 2916, 2017 WL 6626018, at *11 (N.D. Ill. Dec. 28, 2017). A jury returned a verdict, affirmed by the Seventh Circuit, that Bodum's Chambord French press configuration enjoyed protection as a trade dress that has a secondary meaning that the public associates with Bodum rather than merely a generic French press and was non-functional. *See id.*

## STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief may be granted. We accept "the allegations in the complaint as true unless they are 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). The pleading must state a claim that is plausible on its face to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949;

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. That is, while the plaintiff need not plead "detailed factual allegations," the claim must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964—65.

## ANALYSIS

Veken's injunctive relief lawsuit is three-fold. Count I seeks a declaration of non-infringement based on no likelihood of confusion. Count II seeks a declaration that the Chambord configuration lacks secondary meaning and thus does not confer trade dress rights. Count III seeks a declaration that the Chambord configuration is functional and thus not protected under trade dress law. Bodum has moved to dismiss Counts II and III of the Complaint. (MTD at 1.) Bodum's chief basis for dismissal is rooted in a recent case it litigated. *Bodum USA, Inc. v. A Top New Casting, Inc.*, 927 F.3d 486 (7th Cir. 2019), *aff'ing* No. 16-cv-2916, 2018 WL 2735081 (N.D. Ill. June 6, 2018). In *A Top*, Bodum sued A Top New Casting, Inc. for infringing the exact same Bodum Chambord French press configuration under trade dress law by selling a similar French press. *Id. A Top* determined that Bodum's Chambord configuration was protected under trade dress law because it has a secondary meaning attributable to it and is non-functional. *Id.* at 495. We analyze Counts II and III in the wake of *A Top* in turn.

### I. Count II

Count II seeks a declaration that the Chambord configuration does not confer trade dress

rights because it lacks secondary meaning. If the trade dress claim is based on the product's design, then the party alleging infringement must show that the trade dress acquired secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 213 (2000); *Weber-Stephen Prod. LLC v. Sears Holding Corp.*, No. 13 C 01686, 2015 WL 5161347, at *4 (N.D. Ill. Sept. 1, 2015). The term "secondary meaning" is used generally to indicate that a product's design is so distinctive that it identifies the product's source. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 766, n.4 (1992); *Arlington Specialties, Inc. v. Urban Aid, Inc.*, 847 F.3d 415, 418 (7th Cir. 2017); *Weber-Stephen Prod. LLC*, No. 13 C 01686, 2015 WL 5161347, at *4. To establish secondary meaning, a manufacturer must show that, in the minds of the public, the primary significance of the trade dress is to identify the source of the product rather than the product itself. *See, e.g.*, *Weber-Stephen Prod. LLC*, No. 13 C 01686, 2015 WL 5161347, at *4. In making that determination, courts consider the following: amount and manner of advertising, sales volume, length and manner of use, consumer testimony, and consumer surveys. *See, e.g.*, *Weber-Stephen Prod. LLC*, No. 13 C 01686, 2015 WL 5161347, at *4 (internal citation omitted).

Veken states that *A Top* did not rule on secondary meaning. Although the Seventh Circuit's opinion did not scrutinize the jury's verdict as to secondary meaning to the same extent that it did functionality, it did address it. First, the jury had to determine that a secondary meaning existed to afford the Chambord configuration protection as a trade dress in the first place. *See Celex Grp. v. Exec. Gallery*, 877 F. Supp. 1114, 1139 (N.D. Ill. 1995) (holding that trade dress is only protectable if it is inherently distinctive or if it has acquired distinctiveness through secondary meaning); *see also Wal-Mart*, 529 U.S. at 213—16 (holding that product configurations rely on secondary meaning to enjoy trade dress benefits) And we know that the question of fact pertaining to secondary meaning was put before the jury. *See, e.g.*, *A Top*, No. 16

C 2916, 2017 WL 6626018, at 11 (N.D. Ill. Dec. 28, 2017) (denying A Top's motion for summary judgment on the question of secondary meaning and thus sending the issue to the jury). We see no reason whatsoever to ignore the *A Top* jury's verdict that held that the exact same Bodum Chambord French press configuration conveys a secondary meaning. Here, Veken suggests no reason why the trade dress rule is unworkable, does not suggest that following the *A Top* decision would create hardships,[1] points to no changes in legal principles rendering *A Top* outdated, nor does it convince us that facts have changed[2] since *A Top*'s publication.

Since Bodum's Chambord configuration has already been adjudicated, we follow *A Top*'s analysis into the relevant secondary meaning factors. We accordingly hold that Count II fails to state a claim upon which relief may be granted. Bodum's motion to dismiss is granted as to Count II.

## II.     Count III

Count III seeks a declaration of non-infringement based on functionality. Product

---

[1] Indeed, following *A Top*'s decision regarding the exact same product configuration protects reliance interests among the French press manufacturing industry by affording predictable and consistent judicial outcomes.

[2] We consider the Supreme Court's guidance that district courts should cautiously apply *stare decisis* notions to trademark lawsuits because these types of cases turn on ever changing facts based on marketplace realities. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc*., 140 S. Ct. 1589, 1596 (2020). But Veken shows no suggestion whatsoever in its pleading or briefing that marketplace realities changed in the 2.5 years since *A Top*. Instead, it perfunctorily attempts to plead such by citing to older cases involving Bodum's Chambord French press configuration like *Bodum v. La Cafetiere*, 621 F.3d 624, 627 (7th Cir. 2010). (Compl. ¶ 31—32.) To this extent, Veken contends that since Bodum was permitted to bring its declaratory judgment claim against A Top about six years following its loss in *Bodum v. La Cafetiere*, 621 F.3d 624, 627 (7th Cir. 2010), Veken should be allowed to relitigate the same issue under *Lucky*'s new guidance. We disagree because, here, no pleaded facts suggest that consumer perception or other relevant marketplace realities changed since *A Top*'s recent decision rendered about 2.5 years ago. Thus, in the wake of *A Top*, there is no basis for a new trial on the trade dress secondary meaning component.

features that are necessary (*i.e.*, "functional") for the use of a product are not protected under trade dress law. *Bodum USA, Inc. v. A Top New Casting Inc*., 927 F.3d 486, 491 (7th Cir. 2019). This is so to prevent one competitor from maintaining an exclusive right to a useful feature. *Id.* A product feature is "functional," and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. *Id.* Even if a claimed trade dress does not satisfy this test, it can still be functional if it is a competitive necessity, that is, if its exclusive use would put competitors at a significant non-reputation-related disadvantage. *Id.* (internal citations omitted.) Courts within the Seventh Circuit look at numerous factors to determine whether a design is functional under these standards:

> (1) [T]he existence of a utility patent, expired or unexpired, that involves or describes the functionality of an item's design element; (2) the utilitarian properties of the item's unpatented design elements; (3) advertising of the item that touts the utilitarian advantages of the item's design elements; (4) the dearth of, or difficulty in creating, alternative designs for the item's purpose; (5) the effect of the design feature on an item's quality or cost.

*Georgia-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723—728 (7th Cir. 2011). Bodum contends that, as pleaded, all the above five factors weigh in favor of a finding that the Chambord configuration is nonfunctional by citing to the Seventh Circuit's decision in *A Top*, 927 F.3d at 492—94, 97.

No allegation suggests that Bodum's Chambord French press configuration changed since the Seventh Circuit affirmed the Northern District of Illinois's jury;s non-functional determination. *A Top*, 927 F.3d at 494—95 (7th Cir. 2019), *aff'g A Top*, 2017 WL 6626018, at *6 (N.D. Ill. Dec. 28, 2017).

Veken suggests that the functionality count should survive a motion to dismiss so that it can further explore a theory related to "aesthetic functionality," a caveat that it says was not litigated in *A Top*. Bodum takes the opposite stance. Our reading of *A Top* is that it did analyze

7

aesthetic functionality. *A Top*, 927 F.3d at 491. Cases involving aesthetic functionality inquire as to whether the exclusive use of the feature would place competitors at a "significant non-reputation-related disadvantage." *Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, 955 F.3d 632, 644 (7th Cir. 2020) (internal citations and quotations omitted). *A Top* made such an inquiry without using the term "aesthetic functionality." *A Top*, 927 F.3d at 491 ("Even if a claimed trade dress does not satisfy this first test, it can still be functional if it . . . 'would put competitors at a significant *non-reputation-related disadvantage*.'") (emphasis added). Thus, the *A Top* Court considered the potential for aesthetic functionality in rendering its verdict and still afforded trade dress protection to the Chambord configuration. *See id.*

Bodum's motion is thus granted as to Count III because that exact same Chambord French press configuration has been deemed nonfunctional as a matter of law.[3]

### III.     Veken's "Day in Court" is Protected

Veken's theme throughout its briefing is that we must assure that they have its day in court. The basis for our dismissal here is that two of the three non-infringement counts, as pleaded, do not state a claim upon which relief may be granted as a matter of law. *Illinois Tool Works, Inc. v. Foster Grant Co.*, 547 F.2d 1300, 1303 (7th Cir. 1976) (explaining that patent validity is an issue of law rather than fact). Veken's access to the courts is not impacted by this

---

[3] Veken also contends that it has a new fact against secondary meaning that was not heard in the *A Top* litigation. (Compl. ¶¶ 31, 44—50.) This new fact is a drawing from an expired *design* patent application (as opposed to a *utility* patent) resembling Bodum's Chambord configuration licensed out to a third party. (*Id.*) Veken contends its relevance is that it shows essential features of the Chambord *design* that were not presented in *A Top*, like the Chambord configuration's feet. We are not convinced that it is enough to warrant a new trial. For one, the pleaded fact (made merely upon information and belief) that Bodum once licensed out this *design* has little to do with whether the product is functional. If anything, it suggests the opposite: that the Chambord configuration conveys a protectable non-functional *design* (rather than utilitarian) element.

opinion. Count I, its leading claim as for declaratory judgment of non-infringement based on no likelihood of confusion, remains. This is the crux of its case and Veken may explore that legal theory beyond the pleading stage.

## CONCLUSION

For the foregoing reasons, Defendant Bodum's motion to dismiss is granted. (MTD (Dkt. No. 22)).) Counts II and III are dismissed from the Amended Complaint. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: October 20, 2020