**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHENZHEN BUXIANG NETWORK TECHNOLOGY CO., LTD d/b/a VEKEN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-cv-1726 |
| | ) | Judge Marvin E. Aspen |
| BODUM USA, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Before us are Plaintiff Shenzhen Buxiang Network Technology Co., LTD d/b/a Veken's ("Plaintiff") Motion to Certify a § 1292(b) Interlocutory Appeal and Stay of our Memorandum Opinion & Order (Dkt. No. 29) that dismissed Counts II and III of the Amended Complaint, and Defendant Bodum USA, Inc.'s ("Defendant") Motion to Strike Count I of Plaintiff's Amended Complaint. (Motion to Certify (Dkt. No. 35); (Motion to Strike (Dkt. No. 33.).) For the following reasons, we deny the Motion to Certify and grant the Motion to Strike.

**BACKGROUND**

We assume familiarity with the facts as they were outlined in our previous Memorandum Opinion & Order. (Dkt. No. 29.) That opinion explained that, as pleaded, the exact same Chambord French press configuration had previously been found by a jury, in a verdict confirmed by the Seventh Circuit, to be nonfunctional and to convey a secondary meaning. (Mem. at 5, 8.) We held that Plaintiff did not plead any reason to depart from these holdings regarding the exact same Chambord French press configuration at issue in this lawsuit. (*Id.*) Accordingly, we dismissed Counts II and III of Plaintiff's Amended Complaint. Plaintiff now

seeks interlocutory appeal of that holding.

**LEGAL STANDARD**

A district judge may certify an order for an interlocutory appeal of an order that is not otherwise appealable only if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000); *Lukis v. Whitepages Inc.*, No. 19 C 4871, 2020 WL 6287369, at *9 (N.D. Ill. Oct. 27, 2020). Unless all these criteria are satisfied, the district court may not, and should not, certify its order for an immediate appeal under section 1292(b). See *id.* The decision of whether to allow an immediate interlocutory appeal of a non-final order pursuant to § 1292(b) is within the discretion of the district court. *Swint v. Chambers Cty. Com'n*, 514 U.S. 35, 47 (1995); *see also Sagez v. Columbus McKinnon Corp.*, No. 14-CV-1397-NJR-SCW, 2017 WL 11444528, at *1 (S.D. Ill. Feb. 14, 2017).

We may strike portions of pleadings that are redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f); *see also Mendez v. City of Chicago*, No. 18-CV-6313, 2020 WL 4736399, at *1 (N.D. Ill. Aug. 14, 2020). Motions to strike are generally disfavored because they "potentially serve only to delay." *Helle Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Courts should only strike claims that are clearly mistitled or redundant. *See Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

## ANALYSIS

### I. Motion for Interlocutory Appeal

#### A. Whether there is a Controlling Question of Law with a Substantial Ground for Difference of Opinion

We first analyze whether the relevant order involves a controlling question of law as to which there is substantial ground for difference of opinion. 28 U.S.C. § 1292(b). "A question of law is controlling if its resolution is likely to affect the course of the litigation" *United States v. Approximately 81,454 Cans of Baby Formula*, 2008 WL 4058044, *1 (E.D.Wis. Aug. 26, 2008) (citing *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir. 1996)). The question of law must be a "pure" question, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000). The Seventh Circuit instructed district court judges to "remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677.

Here, there is no controlling question of law as to which there is substantial ground for difference of opinion. Plaintiff argues that we should ignore a Northern District of Illinois' recent trial verdict, that was upheld by the Seventh Circuit, that concerned the same Chambord French press at issue in this litigation. *See Bodum USA, Inc. v. A Top New Casting, Inc.*, 927 F.3d 486 (7th Cir. 2020); *see also Bodum USA, Inc. v. A Top New Casting, Inc.*, No. 16-cv-2916, 2017 WL 6626018, at *11 (N.D. Ill. Dec. 28, 2017). Our holding accorded with Seventh Circuit precedent: "once there has been a judicial determination of validity, the [challenger] in a later action in the same court has the burden of presenting persuasive new evidence of invalidity and demonstrating that there is a material distinction between the cases." *Illinois Tool Works, Inc. v.*

*Foster Grant Co*., 547 F.2d 1300, 1302 (7th Cir. 1976) (quoting *American Photocopy Equipment Co. v. Rovico*, 384 F.2d 813, 815-16 (7th Cir. 1967), *cert denied*, 390 U.S. 945 (internal quotations omitted).[1] Even district courts outside of the Seventh Circuit have reached similar conclusions. *See, e.g., Marshak v. Sheppard*, 666 F. Supp. 590, 598 (S.D.N.Y. 1987) ("the *stare decisis* effect of a prior finding of validity of a trademark may be overcome if defendant presents persuasive new evidence of invalidity and demonstrates that there is a material distinction between the cases.").

The Federal Circuit has also endorsed such an approach:

> If, however, the record in the second suit is substantively identical to the record produced in the first suit, then it is extremely likely that the court will give its prior holding *stare decisis* effect.

*Shelcore, Inc. v. Durham Indus.*, 745 F.2d 627, 628 n.10 (citing *American Photocopy Equipment Co. v. Rovico, Inc*., 384 F.2d 813, 815–16 (7th Cir.1967)). As another example, in *Stevenson v. Sears, Roebuck & Co.*, the Federal Circuit held that a "prior holding of 'validity' should be given weight in a subsequent suit on the issue of 'validity.'" 713 F.2d 705, 711 (Fed. Cir. 1983).

As explained in our opinion on Defendant's motion to dismiss, Plaintiff did not plead sufficient facts to believe that our resolution of Counts II and III could differ from the *A Top* litigation. *See A Top New Casting, Inc.*, 927 F.3d at 486; *see also A Top New Casting, Inc.*, No. 16-cv-2916, 2017 WL 6626018, at *11. We decline to disregard *A Top*'s rulings. *See id.* This does not mean, as Plaintiff suggests, that *A Top* prevents hypothetical future third-party litigants

[1] Since Plaintiff advances public policy arguments against this approach, we note the Seventh Circuit reasoned that that holding afforded public policy benefits: "For reasons of stability in the law and judicial economy, we ordinarily will not reexamine de novo the decision of the court in the prior case." *Id.* Rather, "[we] will limit ourselves to a consideration of whether, assuming the correctness of the earlier decision, additional facts not before the court in the prior case require a different result. This is but an application of the doctrine of *stare decisis*." *Id.*

from challenging the validity of Defendant's trade dress rights. Rather, our early holding merely stands for the proposition that litigants must plead facts to show that their case is different from unfavorable related case law. For the reasons stated in our earlier order, the pleaded facts do not state a claim for relief as a matter of law considering *A Top*'s factually-analogous precedent. *See id.*

Therefore, there is no substantial ground for difference of opinion since our earlier holding aligns with both Seventh and Federal Circuit case law.

### B. Whether Immediate Appeal from the Order may Materially Advance the Ultimate Termination of the Litigation

Interlocutory appeals should only be certified when "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Alternatively stated, the interlocutory appeal must "promise to *speed up* the litigation." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). The Seventh Circuit has cautioned that § 1292(b) must be used sparingly "lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l., Inc.*, 505 F.3d 736, 741 (7th Cir. 2007). Interlocutory appeals are "frowned on in the federal judicial system," *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012), as they "too frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000).

Here, Plaintiff's chief argument in favor of this element is that an interlocutory appeal will avoid the need for a new trial. Although we are mindful of the resources that parties would have to devote to a new trial, proceeding to appeal on the Plaintiff's second and third counts will merely delay the resolution of Plaintiff's leading count while causing more time, costs, and fees to be spent litigating this matter. The surviving case is relatively straightforward: does

Plaintiff's product infringe on Defendant's based on the likelihood of confusion? Answering this question should involve streamlined discovery and a succinct trial. Therefore, we additionally deny certification of an interlocutory appeal and for a stay on the basis that it will not materially advance the litigation.

**II. Motion to Strike**

We next address Defendant's motion to strike. (Motion to Strike at 1.) Defendant asks that we strike Plaintiff's remaining claim (Count I) because "Upon the filing of the counterclaims, [Plaintiff]'s pleading became repetitious and unnecessary. Adjudication of [Defendant]'s counterclaims alone will resolve this dispute." (Motion to Strike at 3; *see also* Counterclaims (Dkt. No. 32) at 20—32.)

Generally, when two similar actions exist, district courts dismiss, stay, or transfer the second-filed suit. *See Serta, Inc. v. Oleg Cassini, Inc*., No. 11-CV-8004, 2012 WL 2503959, at *2 (N.D. Ill. June 28, 2012); *See also Schwarz v. Nat'l Van Lines, Inc*., 317 F. Supp. 2d 829, 832 (N.D. Ill. 2004) ("When two similar actions are filed, the general rule favors the forum of the first-filed suit."). But the Seventh Circuit does not rigidly adhere to this "first-to-file" rule. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc*., 626 F.3d 973, 980 (7th Cir. 2010). "The Seventh Circuit cautions that where similar actions 'involve a declaratory judgment action and a mirror-image action seeking coercive relief,' courts should 'ordinarily give priority to the coercive action, regardless of which case was filed first.'" *Coherent Econ., LLC v. Verition Partners Masters Fund, Ltd*., No. 18-CV-8376, 2020 WL 757898, at *3 (N.D. Ill. Feb. 14, 2020) (quoting *Research Automation, Inc*., 626 F.3d at 980 and citing *Trippe Mfg. Co. v. Am. Power Conversion Corp*., 46 F.3d 624, 629 (7th Cir. 1995)); *see also Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 8-cv-6446, 2011 WL 221838, at *5 (N.D. Ill. Jan. 24, 2011) (dismissing the first-filed claim in favor of a mirroring counterclaim). The Seventh Circuit guides us:

> [W]e have made clear that where the facts of that case are replicated—that is, where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief—we ordinarily give priority to the coercive action, regardless of which case was filed first. In those cases, we have repeatedly taught that this circuit does not rigidly adhere to a first-to-file rule.

*Research Automation, Inc*., 626 F.3d at 980 (7th Cir. 2010) (internal citations omitted); *see also Trippe,* 46 F.3d at 629 (affirming dismissal of first-filed declaratory judgment action in favor of later-filed coercive action).

"Courts have also departed from a first-to-file rule where one party files its lawsuit in anticipation of an impending suit by the opposing party." *Research Automation, Inc*., 626 F.3d at 980 (citing *Schwarz v. National Van Lines, Inc*., 317 F.Supp.2d 829, 833 (N.D. Ill. 2004) (finding that where a plaintiff files an action "in the face of a clear threat" that the opposing party will sue, a court will dismiss a first-to-file argument)).

The Seventh Circuit explained that to proceed otherwise would "not be '[w]ise judicial administration.'" *Research Automation, Inc.*, 626 F.3d at 980 (quoting *Martin v. Graybar Electric Co*., 266 F.2d 202, 203–05 (7th Cir. 1959)).

Here, Plaintiff pleaded that it brought the declaratory action after Defendant "demanded that [Plaintiff] stop selling the VEKEN French press, and threatened an infringement lawsuit against [Plaintiff]." (Amend. Compl. ¶ 9.) Therefore, Defendant's counterclaims are the coercive action and Plaintiff's declaratory judgment lawsuit was brought in anticipation of an infringement lawsuit. Accordingly, we strike Plaintiff's lone surviving claim under Rule 12 as it is duplicative of Defendant's coercive claim. To protect Plaintiff from a situation where Defendant stops diligently pursuing the infringement case for bad faith reasons (like favoring the status quo or to avoid resolution of the infringement question), Plaintiff is granted leave to reinstate this stricken claim if Defendant does not diligently pursue its infringement counterclaim.

**CONCLUSION**

For the above stated reasons, we deny Plaintiff's Motion to Certify § 1292(b) Interlocutory Appeal and Stay, and grant Defendant's Motion to Strike. Plaintiff is granted leave to reinstate its claim if Defendant does not diligently pursue its infringement counterclaim. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: January 25, 2021